1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KEVIN T. LEVINE, an individual and on behalf of the general public,

                                        Plaintiff,

        vs.

BIC USA, INC., a Delaware corporation, and DOES 1 through 100,

                                        Defendants.

CASE NO. 07cv1096-LAB (RBB)

**ORDER DENYING MOTION TO REMAND**

[Dkt No. 14]

        This putative class action is before the court on plaintiff Kevin T. Levine's ("Levine") Motion To Remand For Lack Of Subject Matter Jurisdiction ("Motion") on grounds defendant BIC USA ("BIC") has not carried its removal burden to demonstrate the amount in controversy exceeds $5,000,000 exclusive of interest and costs.  BIC filed Opposition, and Levine filed a Reply.  Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issue presented appropriate for decision on the papers and without oral argument.  For the reasons discussed below, the Motion is **<u>DENIED</u>**.

        Levine filed this putative class action in San Diego County Superior Court on May 14, 2007, and a First Amended Complaint ("FAC") on June 14, 2007 (*see* Dkt No. 7), seeking damages and injunctive relief under four causes of action based on alleged violations of California consumer laws.[1]  He alleges he purchased over time disposable BIC

---

        [1] The FAC alleges:  (1) violation of Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (unfair competition) (3) violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (false advertising and untrue or misleading statements

1   lighters bearing the designation "Made In USA," whereas the lighters are entirely or
2   substantially made, manufactured, or produced outside the United States. FAC ¶ 1. On that
3   basis, he alleges BIC has engaged in "a fraudulent, unlawful, deceptive and unfair course
4   of conduct." FAC ¶ 1. He purports to represent California residents who purchased BIC
5   disposable lighters with the product or packaging label "Made in USA" within the last four
6   years. BIC removed the case to federal court on June 15, 2007. BIC acknowledged Levine
7   does not specify the total amount of damages sought by the putative class, but alludes to
8   Levine's statement in the complaint the amount in controversy "does not exceed 74,999.99"
9   as to any individual class member. *See* FAC ¶ 16. The removal notice justified the propriety
10  of removal based on "the breadth of the purported class, as well as amount in controversy
11  by virtue of Plaintiff's Complaint." Dkt No. 1, 2:13-18.

12          Levine's Motion challenges the court's subject matter jurisdiction over this dispute.[2]
13  Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479
14  F.3d 994, 997 (9th Cir. 2007). "If at any time before final judgment it appears that the district
15  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).
16  Under the removal statute, "any civil action brought in a State court of which the district
17  courts of the United States have original jurisdiction, may be removed by the defendant or
18  the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). The
19  Class Action Fairness Act of 2005 ("CAFA") provides that federal courts have

20  _____

21  in connection with the sale of goods); and (4) violation of CAL. BUS. & PROF. CODE §§ 17533.7
    (forbidding the use of "Made in U.S.A." on merchandise which has been entirely or substantially
22  made, manufactured, or produced outside the United States.

23      [2]  The Motion is supported by the declaration of plaintiff Kevin T. Levine. He declares he
    personally purchased BIC Maxi disposable lighters on multiple occasions during the last four years,
24  many of them marked "MADE IN USA" and some marked "MADE IN FRANCE" and "MADE IN
    BRAZIL." Levine Decl.¶ 2. He declares on information and belief BIC also sells Maxi disposable
25  lighters in California that are marked "MADE IN SPAIN." Id. BIC's evidentiary objection that his
    statement regarding the "MADE IN SPAIN" lighters lacks foundation is sustained. Levine also
26  declares he recalls purchasing the BIC lighters on at least one occasion in two-pack packaging,
    paying $2.79 for both lighters, with both the lighters and the packaging marked "MADE IN USA" and
27  with a prominent U.S. flag in a corner of the packaging. Id. ¶ 3. He declares that based on his
    purchases over time, he "understand[s]" the average retail price of one BIC Maxi lighter to be $1.39.
28  BIC raises an evidentiary objection Levine's assertion regarding the average retail price of one BIC
    Maxi lighter lacks foundation to the extent it is offered to prove the average retail price of one BIC
    lighter. To that extent only, the objection is sustained.

1  "original jurisdiction" over class actions where there is diversity of citizenship, there are at

2  least 100 class members, and the combined claims of the class members exceed

3  $5,000,000 exclusive of fees and costs. 28 U.S.C. § 1332(d). The Notice of Removal in this

4  case establishes the diversity of citizenship element and that the number of putative class

5  members far exceeds 100.[3]  The Motion challenges only satisfaction of the jurisdictional

6  amount in controversy element.

7       When a plaintiff institutes the case in state court, there is a presumption against

8  removal.[4]  *See* <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir. 1992) (substantiating a defendant

9  seeking removal and to avoid remand must identify specific factual allegations or provisions

10  in the Complaint that might support its assertion the amount in controversy exceeds the

11  jurisdictional minimum amount); <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 375

12  (9th Cir.1997).  All doubts and ambiguities are resolved against removal and in favor of

13  remand.  *See* <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941).  A plaintiff

14  desiring to avoid removal jurisdiction can allege facts specific to the claims in the pleading

15  which would narrow the scope of the putative class or the damages sought.

16       As pertinent here, the inquiry in deciding removal disputes is what amount is put "in

17  controversy" by the plaintiff's complaint, not what a defendant will actually owe a successful

18  plaintiff.  *See* <u>Sherer v. Equitable Life Assurance Soc. of the U.S.</u>, 347 F.3d 394, 397-98

19  (2nd Cir. 2003).  The court does not consider the amount of damages that may ultimately

20  be recovered.  Rather, the court accepts as true plaintiff's allegations as pled in the

21  complaint and assumes plaintiff will prove liability and recover the damages alleged.

22  \\

23

---

24  [3]   BIC supported the Notice of Removal with a declaration from Steve Milkey, BIC's Senior
Director of Sales, who relied on company sales data for the four-year period preceding Levine's

25  complaint to aver BIC sold more than 50 million J-26 ("Maxi") lighters in the State of California and
received in excess of $5 million dollars in revenues from those sales.  June 2007 Milkey Decl. ¶ 3.

26  [4]   "[I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the
[plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . .  A different

27  situation is presented in the case of a suit instituted in a state court and thence removed.  There is
a strong presumption that the plaintiff has not claimed a larger amount in order to confer jurisdiction

28  on a federal court or that the parties have colluded to that end."  <u>Gaus v. Miles</u>, 980 F.2d 564, 566
(9th Cir. 1992), *quoting* <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938).

1    The proponent of federal jurisdiction has the burden of establishing removal

2    jurisdiction. <u>Lowdermilk</u>, 479 F.3d at 997; <i>see</i> <u>Abrego Abrego v. The Dow Chemical Co.</u>,

3    443 F.3d 676, 682-83 (9th Cir. 2006)[5] (in cases removed from state court, the removing

4    defendant has "'always' borne the burden of establishing federal jurisdiction, including any

5    applicable amount in controversy requirement")<i>, quoting</i> <u>Gaus</u>, 980 F.2d at 566<i>; see also</i>

6    <u>Serrano v. 180 Connect, Inc.</u>, 478 F.3d 1018, 1021 (9th Cir. 2007). "Normally, this burden

7    is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." <u>Gaus</u>,

8    980 F.2d at 566. In a class action, when the plaintiff does not specify an amount of

9    damages, for removal purposes "Defendant must prove by a preponderance of the evidence

10   that the damages claimed exceed $5,000,000." <u>Lowdermilk</u>, 479 F.3d at 998, 994 (deciding

11   a question left open in <u>Abrego Abrego</u> and holding that when the plaintiff <i>has</i> **pled** <i>damages</i>

12   **less** <i>than</i> the jurisdictional amount, the party seeking removal must prove to a "legal

13   certainty" the amount in controversy is satisfied, notwithstanding the prayer for relief in the

14   complaint). When the preponderance of the evidence standard applies -- that is, when the

15   plaintiff does not specify an amount of damages in the pleading -- the defendant need only

16   make a factual showing it is more likely than not the amount in controversy exceeds $5

17   million dollars. <u>Singer</u>, 116 F.3d at 376; <u>Sanchez</u>, 102 F.3d at 404.

18   The amount in controversy is determined at the time of removal and is to be decided

19   based on the allegations in the operative pleading, in this case, Levine's FAC. <u>Lowdermilk</u>,

20   479 F.3d at 994. In deciding the issue, the court treats claims for statutory damages by

21   considering only those damages actually recoverable under the facts alleged. <i>See</i> <u>Sanchez</u>

22   <u>v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404-05 (9th Cir. 1996) (defendant failed to carry

23   its burden to show the amount in controversy exceeded the jurisdictional threshold despite

24   plaintiff's suit for treble punitive damages under Cal. Civ. Code § 3345 because that code

25

---

26          [5]  The <u>Abrego Abrego</u> court grappled with the category of cases the CAFA had newly
     identified as "mass actions," a category distinct from the more traditional "class action," particularly
27   with respect to the requirement that in a "mass action," not only must the aggregate amount in
     controversy be $5 million dollars, but also each plaintiff must satisfy the jurisdictional amount in
28   controversy requirement of 28 U.S.C. § 1332(a).  28 U.S.C. § 1332(d)(11)(B)(i).  The latter
     requirement is not imposed on CAFA class action plaintiffs.

1   section did not allow for trebling of contract damages).  The FAC seeks damages in the form

2   of "actual and monetary damages pursuant to CAL. CIV. CODE § 1780"[6] in his First Cause of

3   Action (FAC ¶¶ 29-30); attorneys' fees under CAL. CODE CIV. P. § 1021.5 (providing for

4   attorneys' fees awards to prevailing plaintiffs who win relief for the general public) in his

5   Second, Third, and Fourth Causes of Action; "reimbursement" to "Plaintiff and the general

6   public" of the "gains defendants received because of the misdeeds described herein" (FAC

7   ¶ 48);[7] "restitution of all monies paid to Defendants by Plaintiff and class members" (FAC ¶

8   54); and punitive damages under CAL. CIV. CODE § 1780(a)(4) (FAC Prayer ¶ 8).

9        The Lowdermilk court reviewed the three "scenarios" discussed in Abrego Abrego that

10  can arise with respect to ascertaining from a Complaint whether the amount in controversy

11  for removal purposes is satisfied.  Lowdermilk, 479 F.3d at 998.  In the first scenario, when

12  plaintiff **fails to plead a specific amount of damages**, the defendant "must prove by a

13  preponderance of the evidence that the amount in controversy requirement has been met."

14  Abrego Abrego, 443.F3d at 683, *citing* Gaus, 980 F.2d at 566.  In the second scenario, if the

15  complaint **alleges damages in excess of the federal amount-in-controversy**

16  **requirement**, then the amount-in-controversy requirement is presumptively satisfied unless

17  "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional

18  minimum."  Id. at 683 n.8, *citing* Sanchez, 102 F.3d at 402.  Abrego Abrego did not decide

19  the third scenario standard applicable when the **complaint alleges damages *less* than the**

20  **jurisdictional amount**.

21       Lowdermilk resolved the question: "when the plaintiff has pled damages *less* than the

22  jurisdictional amount, what must the defendant prove in order to remove the case to federal

23  court?"  Id. at 996.  As a threshold matter, the Lowdermilk court first had to decide whether

24  the manner of pleading -- referencing a specific dollar amount just below the jurisdictional

25

26       [6]  Section 1780 authorizes recovery of "actual damages," "punitive damages," "restitution
     of property," and injunctive relief.  CAL. CIV. CODE § 1780(a).

27

28       [7]  FAC ¶ 40 describes BIC's alleged "unjust enrichment" as comprised of "the receipt of
     potentially millions of dollars in ill-gotten gains and profits from customers who unwittingly provided
     monies to Defendants based on Defendants' fraudulent country of origin designation."

1    limit -- qualified as an averment of a "specific amount in damages," and concluded it did,

2    contrary to defendant's contention that because the pleading "failed to specify [plaintiff's]

3    damages, Defendant must prove only by a preponderance of the evidence that the damages

4    claimed exceed $5,000,000." Lowdermilk, 479 F.3d at 998.

5                           Our starting point is "whether it is 'facially apparent' from the
                            complaint that the jurisdictional amount is in controversy."
6                           Abrego Abrego, 443 F.3d at 690 . . . .  We have reserved the
                            preponderance of evidence standard for situations where a
7                           plaintiff "seeks no specific amount in damages," Abrego Abrego,
                            443 F.3d at 688 (footnote omitted), and a court is forced to look
8                           beyond the complaint to determine whether the suit meets the
                            jurisdictional requirements.[8]   Here, we need not look beyond
9                           the four corners of the complaint to determine whether the CAFA
                            jurisdictional amount is met, as **Plaintiff avers damages ("less
10                          than five million dollars"**) that do not reach the threshold for
                            federal jurisdiction.  **We hold that Plaintiff did plead a
11                          "specific amount in damages," and therefore, the
                            preponderance of the evidence standard does not apply**.
12
     Lowdermilk, 479 F.3d at 998 (emphasis added); see Singer, 116 F3d at 377 ("The district
13
     court may consider whether it is 'facially apparent' from the complaint that the jurisdictional
14
     amount is in controversy").
15
16          Informed by the principle that federal courts are courts of limited jurisdiction, so strictly

17   construe their own jurisdiction, and by the well-established principle the plaintiff is "master

18   of her complaint" and can plead to avoid federal jurisdiction," the Lowdermilk court held "a

19   defendant will be able to remove the case to federal court by showing to a legal certainty that

20   the amount in controversy exceeds the statutory minimum" in situations where a plaintiff has

21   expressly pled a damages amount *under* the jurisdictional minimum.[9]  Lowdermilk, 479 F.3d

22          8    "In *Abrego Abrego*, for example, the complaint asked only for 'pre-and-post-judgment
     interest, attorney's fees and costs, and relief in the form of special, general, punitive and exemplary
23   damages due and awardable pursuant to the actions of Defendants.' 443 F.3d at 688 (internal
     quotation marks omitted).  Because damages were not quantified, we looked beyond the complaint
24   to 'consider facts in the removal petition.' *Id.* at 690 (quoting *Singer[ v. State Farm Mut. Auto. Ins.
     Co.*] 116 F.3d [373] at 377 [9th Cir. 1997]." Lowdermilk, 479 F.3d at 998 n. 4.

25
26          9    "By adopting 'legal certainty' as the standard of proof, we guard the presumption against
     federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to
27   forgo a potentially larger recovery to remain in state court," and such a standard "also maintains
     symmetry in our rules requiring legal certainty as the standard of proof" in that "we already require
28   that a defendant seeking remand for a case initially filed in federal court must show with 'legal
     certainty' that the claim is actually for less than the jurisdictional minimum." Lowdermilk, 479 F.3d
     at 998-99 *citing for the latter proposition*  Sanchez, 102 F.3d at 401-02.  Thus, when the damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

at 998-99.   The parties here both proceed as if Levine has not pled an amount in controversy, which would place this dispute within the first <u>Abrego Abrego</u> / <u>Lowdermilk</u> scenario whereby the removing defendant must show by a preponderance of evidence that CAFA element is satisfied for removal purposes.   The court is permitted in such circumstances to consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."   *See* <u>Singer</u>, 116 F.3d at 377.   Levine affirmatively represents his case is one where the Complaint "does not specify a particular amount of damages."   BIC concurs "the specific amount of damages sought is not alleged in the [FAC]" so its burden is to "prove by a preponderance of the evidence that the amount in controversy prong is satisfied."   Opp. 2:19-23.   The parties' premise does not persuade the court.

The court makes its own threshold inquiry into which of the three pleading "scenarios" identified in <u>Abrego Abrego</u> and <u>Lowdermilk</u> exists and therefore which standard of proof attaches to the resolution of the amount in controversy dispute.   The court adopts the "starting point" instructed by <u>Lowdermilk</u>:   is it "facially apparent" from the FAC "the jurisdictional amount is in controversy?" Levine acknowledges:   "Plaintiff did not specify an amount of damages in its Complaint *other than to plead* that the amount in controversy does <u>not</u> exceed $74,999.99 **as to Plaintiff or any other Class Member** and prayed for damages shall be [*sic*] 'according to proof."   Mot. 4:8-10 (emphasis added).   His papers make no representation squarely addressing whether he contends the amount in controversy does not exceed $5 million dollars.[10]   Rather, he relies solely on the premise a removing defendant has the burden to establish removal jurisdiction and narrowly argues BIC failed

---

sought by plaintiff appear from the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" by showing plaintiff is legally certain to recover at least five million dollars.  <u>Lowdermilk</u>, 479 F.3d at 999.

[10]   The closest Levine comes is to state "the First Amended Complaint **does not allege** damages in excess of $5,000,000" (Mot. 8:4-5) (emphasis added), a representation that is reasonably read not as an averment damages do not exceed $5,000,000, but rather in consideration of his contention the complaint "does not specify a particular amount of damages" (Mot. 3:14-15).

07cv1096

1
2
to prove by a preponderance of the evidence the likelihood the amount in controversy exceeds $5 million dollars.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
Strictly construing its limited jurisdiction and applying the Lowdermilk analytical framework, the court concludes Levine has pled "a specific amount in damages" within the four corners of the complaint by averring "the amount in controversy does not exceed $74,999.99 as to Plaintiff or any other Class Member" (FAC ¶ 16), even though (as in Lowdermilk) the dollar amount is a "not in excess of" contention.   Therefore,"the preponderance of the evidence standard does not apply." Lowdermilk, 479 F.3d at 998. Unlike in Lowdermilk, however, this court need not proceed to require defendant to show to a legal certainty the amount in controversy exceeds the jurisdictional limit because the "does not exceed" figure in the FAC attaches, as pled, to each putative class member.   Even though Levine does not plead any aggregate total amount of  the claims, multiplying that express maximum figure per class member by the undisputed minimum class size of 100 members, from the face of the FAC the amount in controversy exceeds the CAFA jurisdictional minimum.[11]  The court accordingly finds the standards of the Abrego Abrego / Lowdermilk "second scenario" govern the amount in controversy determination for purposes of deciding the Motion rather than a preponderance of evidence standard.  Using this approach, the court need not reach Levine's evidentiary objections to the Milkey Declarations associated with BIC's removal petition and its Motion opposition relating to Levine's FAC allegations of unjust enrichment and seeking resitutionary disgorgement.

21
22
23
24
Nevertheless, even were the court to apply the preponderance of evidence standard associated with the Abrego Abrego / Lowdermilk "first scenario," the court overrules Levine's objections to the June 2007 and the August 2007Milkey Declarations[12] and finds those sworn

25
26
[11]  BIC represents, without contradiction in Levine's Reply:  "Plaintiff does not contest this case involves at least one-hundred (100) class members."  Opp. 2:4-5.

27
28
[12]  Levine's Motion objection the June 2007 Milkey Declaration offers only an inadequate bald assertion was devoid of any evidence was cured by the August 2007 Milkey Declaration and its Exhibit A (filed under seal).  Levine's objection the June 2007 Milkey Declaration did not make clear he was describing the sales and profits related only to the lighters at issue in this litigation -- i.e., the BIC 'Maxi' lighters sold in California during the relevant time period with purportedly false "Made in

representations and Exhibit A to the August 2007 Declaration substantiate it is "more likely than not" the amount in controversy exceeds $5 million dollars, irrespective of Levine's argument the sales and profit totals are not the appropriate measure of damages. <u>Singer</u>, 116 F.3d at 376.  Unlike in <u>Lowdermilk</u>, where an aggregate amount in controversy was expressly pled as below the CAFA jurisdictional threshold, Levine's FAC facially demonstrates removal should be upheld without the need to exact the evidentiary showings required when the expressed dollar figure capping the amount of damages is below the jurisdictional CAFA minimum or when no damages amount is specified in the pleading.  The court finds it need not look beyond the FAC to resolve the dispute presented by this Motion, and it need not now address the issues the parties briefed associated with the *measure* of damages that will apply at the damages phase.

In summary, the FAC states a damages amount maximum as to each putative class member, and the undisputed existence of a minimum class size of 100 members compels the finding, on that basis alone, the amount in controversy as pled exceeds $5 million dollars.  This court thus does not lack subject matter jurisdiction predicated on a deficient threshold amount in controversy, and removal was proper.  For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion To Remand is **DENIED**.

**IT IS SO ORDERED**.

DATED:  August 19, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

USA" markings -- was also cured by the August 2007 Milkey Declaration and its Exhibit A.

07cv1096